UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL COOPER,

      Plaintiff,

v.                             CASE No. 8:06-CV-1863-T-27TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

      Defendant.

_____

REPORT AND RECOMMENDATION

      The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[2]  Because the decision of the Commissioner of Social Security does not adequately evaluate the opinion of a treating physician, I recommend that the decision be reversed and the matter remanded for further consideration.

---

[1]Michael J. Astrue has become the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure. he should be substituted as the defendant in this suit.

[2]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5. 1998.  See also Local Rule 6.01(c)(21).

I.

The plaintiff, who was forty-eight years old at the time of the administrative hearing and who has a high school education (Tr. 15, 31, 70), has been employed as a truck driver, general laborer, cabinet maker, produce worker, tree climber, and screen printer (Tr. 55, 94). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to a heart attack, back problems, lung problems, and hepatitis C (Tr. 66). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of status post myocardial infarction with placement of a stent, degenerative disc disease with L4-5, L3-4, and L5-S1, chronic obstructive pulmonary disease, high blood pressure, and hepatitis C infection (Tr. 16). He concluded that these impairments restricted the plaintiff to sedentary work involving sitting for not more than six hours in an eight-hour workday and not more than thirty minutes at a time (Tr. 18). The law judge also restricted the plaintiff to walking and standing for no more than two

hours in an eight-hour workday and not more than fifteen minutes at a time (id.). The law judge determined further that the plaintiff must avoid high concentration of fumes, smoke, and dust (id.). The law judge ruled that these limitations prevented the plaintiff from returning to past work. However, based upon the testimony of a vocational expert, the law judge decided that, despite these limitations, there were jobs in the national economy that the plaintiff could perform, such as a security systems monitor, bonder, and final assembly worker (Tr. 19). The plaintiff was therefore found to be not disabled (Tr. 20). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological

abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB. 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient

evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff challenges the law judge's decision on four grounds. One of the plaintiff's arguments is meritorious and warrants a reversal and remand of the law judge's decision.

The plaintiff argues that the law judge erred in not according the correct weight to the opinion of his treating physician, Dr. O. Peter Olufemi (Doc. 10, pp. 14-16). Dr. Olufemi completed a form in which he placed physical restrictions on the plaintiff's working capabilities beyond those that the law judge found to exist. Importantly, the vocational expert opined that, if the plaintiff were as limited as Dr. Olufemi said, there would be no jobs that he could perform (Tr. 57-58).

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not according them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good

cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

On December 7, 2004, Dr. Olufemi diagnosed the plaintiff with hypertension, lumbar radiculitis, and chronic obstructive pulmonary disease (Tr. 175). On that same date, Dr. Olufemi completed a form which placed various physical restrictions upon the plaintiff that essentially indicated that the plaintiff is unable to work (Tr. 172-74). Dr. Olufemi opined that the plaintiff is only able to sit less than two hours in an eight-hour workday and must change positions every fifteen minutes (Tr. 172). He also indicated that the plaintiff could walk and stand less than two hours in an eight-hour workday (id.). Dr. Olufemi further opined that the plaintiff must walk around every fifteen minutes for ten minutes (Tr. 173). Dr. Olufemi stated on the form that the plaintiff would have to lie down once during a work shift and that he would be absent more than three times in a month (id., Tr. 174).

The law judge gave short shrift to Dr. Olufemi's assessment and stated only (Tr. 18):

> The undersigned gives less weight to the opinions
> of the claimant's most recent treating physician,
> particularly those expressed in Exhibit 6F.
> Although the physician opined that the claimant
> cannot work full time, he only started treating the
> claimant in October 2004, and has examined the
> claimant about four times since that date. The
> physician's opinions therefore are not formulated
> from an entirely longitudinal understanding of the
> claimant's impairments or limitations. Based on all
> evidence, including the State Agency physician
> opinions and those of the treating physicians, the
> undersigned does not find that the treating
> physician's opinions should be according [sic]
> controlling weight.

These reasons do not support the discounting of Dr. Olufemi's assessment.

Dr. Olufemi examined the plaintiff four times over a two-month period and

on each visit completed an evaluation form including his assessment of the

plaintiff (Tr. 175, 176, 177, 178).

There is no basis in law, or reason, for concluding that a

physician who examined a patient four times over a two-month period should

not be given the weight accorded a treating physician. Plainly, the four

examinations would provide the physician with ample opportunity to

accurately evaluate a patient. Significantly, the Commissioner has not cited

any authority indicating that a doctor who has seen a patient four times in two months should not be given the weight of a treating physician.

The law judge also states that, "[b]ased on all evidence including the State Agency physician opinions and those of the treating physicians, the undersigned does not find that the treating physician's opinions should be according [sic] controlling weight" (Tr. 18). The law judge "must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." Lewis v. Callahan, supra. This principle is not satisfied by the law judge's additional comment. The opinions of state agency physicians cannot outweigh the contrary opinion of a treating physician unless that opinion has been properly discounted (which is not the case here). Sharfarz v. Bowen, 825 F.2d 278 (11th Cir. 1987); Broughton v. Heckler, 776 F.2d 960 (11th Cir. 1985). Furthermore, despite what the law judge indicated, there are no other opinions by treating physicians regarding the plaintiff's functional limitations.

For these reasons, the law judge has not provided a rational basis for discounting Dr. Olufemi's assessment of the plaintiff's functional limitations. This error warrants a remand. It is appropriate to add, however,

that, on remand, the Commissioner is not bound by Dr. Olufemi's opinions. The Commissioner could rationally set forth proper and cogent reasons for giving those opinions little weight. See Lewis v. Callahan, supra, 125 F.3d at 1440. The present explanation, however, is clearly inadequate.

The plaintiff also contends that the law judge erred in his credibility determination (Doc. 10, pp. 16-18). The Eleventh Circuit has established a standard for evaluating complaints of pain. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

The plaintiff challenges the law judge's credibility determination on various grounds. Although the law judge's credibility determination is generally adequate, the plaintiff raises one matter that should be addressed upon remand. The law judge stated that no physician has opined that the plaintiff must lie down during the day (Tr. 18). However, as previously

indicated, Dr. Olufemi noted that the plaintiff would have to lie down once during a work shift (Tr. 173). This matter is tied into the weight given Dr. Olufemi's assessment on remand. Accordingly, it is appropriately addressed there.

The plaintiff also argues that the law judge erred in considering his failure to cease the consumption of alcohol and cigarettes (Doc. 10, pp. 16-17). However, it was not improper for the law judge to factor into his credibility determination the plaintiff's failure to take certain steps to ameliorate his problems. Ellison v. Barnhart, 355 F.3d 1272, 1277 (11th Cir. 2003).

Similarly meritless is the plaintiff's challenge to the law judge's consideration of the plaintiff's daily activities in his credibility determination (Doc. 10, pp. 17-18). The law judge did not err in discussing the plaintiff's daily activities. The regulations expressly provide that those matters are to be taken into consideration. 20 C.F.R. 404.1529(c)(3)(i), 416.929(c)(3)(i).

The plaintiff claims that the law judge was required to give weight to a state agency physician's opinion that the plaintiff was credible (Doc. 10, pp. 13-14). The state agency physician wrote that "allegations are

credible but appears capable of light work" (Tr. 169; see also Tr. 80). Obviously, the physician did not think that the plaintiff was credible to the extent that he contends that he is totally disabled. Significantly, the law judge found that the plaintiff had greater restrictions than opined by the two state agency physicians. Consequently, the plaintiff's contention that the law judge did not give proper weight to the opinions of the state agency physicians is meritless.

The plaintiff also asserts that the law judge erred by stating that he had no past relevant work (Doc. 10, p. 14). The operative word is "relevant." The law judge heard testimony from the vocational expert that, if the plaintiff were restricted to sedentary work – as the law judge found – he could not return to any prior work. The law judge plainly knew about the plaintiff's work history since he heard testimony about it (Tr. 31-37, 55).

In all events, any error in failing to identify past work would be harmless. The issue of past work involves step four of the sequential analysis. The law judge did not deny the plaintiff's claim at that point, but went on to step five involving other work in the national economy. It was at that step that the plaintiff's claims were denied.

IV.

For the foregoing reasons, the law judge failed adequately to evaluate a treating physician's opinion. I, therefore, recommend that the decision be reversed and the matter remanded for further consideration.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: FEBRUARY 12, 2008

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).